FILED

2017 FEB -6 PM 2:19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DEBBRIA RYDZINSKI, and <br> JENNNIFER RYDZINSKI, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHSTAR LOCATION SERVICES, LLC, <br><br> Defendant. | No. 3:17-cv-143-J-25PDB |

### PLAINTIFFS' COMPLAINT

Plaintiffs, DEBBRIA RYDZINSKI and JENNIFER RYDZINSKI, by and through their attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC:

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiffs' Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. Venue and personal jurisdiction in this District are proper because Defendant NORTHSTAR LOCATION SERVICES, LLC does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff, DEBBRIA RYDZINSKI (hereinafter "DEBBRIA") is a natural person residing in the City of Jacksonville, Duval County, State of Florida.

7. Plaintiff, JENNIFER RYDZINSKI (hereinafter "JENNIFER") is a natural person residing in the City of Jacksonville, Duval County, State of Florida.

8. Plaintiffs are consumers as that term is defined by the FDCPA and the FCCPA.

9. Plaintiffs allegedly owe a debt as that term is defined by the FDCPA and the FCCPA.

10. NORTHSTAR, NORTHSTAR LOCATION SERVICES, LLC (hereinafter "NORTHSTAR") is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, NORTHSTAR attempted to collect a consumer debt from Plaintiff.

12. NORTHSTAR is a collection agency based in the Town of Cheektowaga, Erie County, State of New York.

13. NORTHSTAR's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with NORTHSTAR it is assigned a file number.

15. The principal purpose of NORTHSTAR's business is the collection of debts allegedly owed to third parties.

16. NORTHSTAR regularly collects, or attempts to collect, debts allegedly owed to third parties.

2

17. During the course of its attempts to collect debts allegedly owed to third parties, NORTHSTAR sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. NORTHSTAR acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. NORTHSTAR is attempting to collect an alleged consumer debt from DEBBRIA and JENNIFER originating from a private student loan debt.

20. DEBBRIA and JENNNIFER's alleged debt owed arises from transactions for personal, family, or household purposes.

21. In or around August 2016, NORTHSTAR began calling DEBBRIA and JENNIFER in an attempt to collect the alleged debt.

22. NORTHSTAR called DEBBRIA on her cellular telephone at ###-###-9549 in an attempt to collect the alleged debt.

23. NORTHSTAR called JENNIFER on her cellular telephone at ###-###-7706 in an attempt to collect the alleged debt.

24. NORTHSTAR calls Plaintiffs from 855-454-1082, which is one of NORTHSTAR's telephone numbers.

25. In or around August 2016, DEBBRIA and JENNIFER each answered collection calls from NORTHSTAR and spoke with its collectors.

26. During the above-referenced collection calls, NORTHSTAR's collectors threatened both DEBBRIA and JENNIFER with the filing of lawsuits, garnishing their wages, and

intercepting their income tax refunds.

27. During the above-referenced collection calls DEBBRIA and JENNIFER each told NORTHSTAR's collectors to stop calling them.

28. Despite DEBBRIA and JENNIFER's requests to NORTHSTAR's collectors to stop calling them, NORTHSTAR's collectors continued to call DEBBRIA and JENNIFER.

29. The alleged debt that NORTHSTAR is attempting to collect on arises from a private student loan debt, of which JENNIFER is the borrower and DEBBRIA is the co-signor from approximately 2005 to 2007.

30. Some of the above-referenced collection calls were received by DEBBRIA and JENNIFER after 9:00 p.m. in their local time zone of Eastern Standard Time.

31. On at least one occasion, DEBBRIA mentioned to one of NORTHSTAR's collectors that he or she was call was calling very late (approximately 10:00 p.m. EST), to which the collector snapped back that DEBBRIA should pay her bills.

32. NORTHSTAR has no standing to commence legal action on behalf of the original creditor.

33. NORTHSTAR is a debt collection company and as a debt collection company attempting to collect an alleged debt, NORTHSTAR can only refer the matter back to the creditor with a recommendation that they pursue legal action.

34. Even if NORTHSTAR did have standing, NORTHSTAR is threatening legal action on a time-barred debt.

35. No payments have ever been made on the alleged debt.

36. The applicable statute of limitations for pursuing legal action with regard to the alleged debt is five (5) years.

## COUNT I:
## NORTHSTAR LOCATION SERVICES VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

37. NORTHSTAR violated the FDCPA based on the following:

   a. NORTHSTAR violated § 1692c(a)(1) of the FDCPA by calling DEBBRIA and JENNIFER outside of the hours of 8:00 a.m. and 9:00 p.m. when its collectors called them after 9:00 p.m. in DEBBRIA and JENNIFER's local time zone of Eastern Standard Time;

   b. NORTHSTAR violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when NORTHSTAR attempted to use threats and scare tactics to induce DEBBRIA and JENNIFER into paying the alleged debt and continued to call DEBBRIA and JENNIFER after being told not to

   c. NORTHSTAR violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when NORTHSTAR attempted to use threats and scare tactics to induce DEBBRIA and JENNIFER into paying the alleged debt and continued to call DEBBRIA and JENNIFER after being told not to;

   d. NORTHSTAR violated § 1692e(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when NORTHSTAR's collectors continued to call DEBBRIA and JENNIFER over and over despite being told not to and even after hours prohibited by § 1692c(a)(1);

   e. NORTHSTAR violated § 1692e of the FDCPA by using false, deceptive, or

5

misleading representations or means in connection with the collection of a debt when NORTHSTAR's collectors threatened DEBBRIA and JENNIFER with the filing of lawsuits, wage garnishments, and interception of income tax refunds despite its inability to do so because of its lack of standing and the time-barred nature of the debt;

f. NORTHSTAR violated § 1692e(2) of the FDCPA by the false representation of the character, amount, or legal status of any debt when NORTHSTAR's collectors threatened DEBBRIA and JENNIFER with the filing of lawsuits, wage garnishments, and interception of income tax refunds despite its inability to do so because of its lack of standing and the time-barred nature of the debt;

g. NORTHSTAR violated § 1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt when NORTHSTAR's collectors threatened DEBBRIA and JENNIFER with the filing of lawsuits, wage garnishments, and interception of income tax refunds despite its inability to do so because of its lack of standing and the time-barred nature of the debt; and

h. NORTHSTAR violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when NORTHSTAR engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiffs DEBBRIA RYDZINSKI and JENNIFER RYDZINSKI, each respectfully request judgment be entered against NORTHSTAR LOCATION SERVICES, LLC, for the following:

a. Statutory damages of $1,000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## NORTHSTAR LOCATION SERVICES, LLC VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Plaintiff repeats and realleges paragraphs 1-36 of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

39. NORTHSTAR violated the FCCPA based on the following:

   a. NORTHSTAR violated § 559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass when NORTHSTAR's collectors threatened DEBBRIA and JENNIFER with the filing of lawsuits, wage garnishments, and interception of income tax refunds despite its inability to do so because of its lack of standing and the time-barred nature of the debt;

   b. NORTHSTAR further violated § 559.72(7) of the FCCPA by willfully communicating with DEBBRIA and JENNIFER with such frequency as can reasonably be expected to harass them or their family when NORTHSTAR's collectors continued to call DEBBRIA and JENNIFER over and over despite being told not to and even after hours prohibited by § 559.72(17) of the FCCPA;

   c. NORTHSTAR violated § 559.72(9) of the FCCPA by its assertion of the existence a legal right when such person knows that the right does not exist when

   NORTHSTAR's collectors threatened DEBBRIA and JENNIFER with the filing of lawsuits, wage garnishments, and interception of income tax refunds despite its inability to do so because of its lack of standing and the time-barred nature of the debt; and

  d. NORTHSTAR violated § 559.72(17) of the FCCPA when it communicated with DEBBRIA and JENNIFER between the hours of 9 p.m. and 8 a.m. in their time zone without their prior consent when NATIONSTAR's collectors called them after 9:00 p.m. in DEBBRIA and JENNIFER's local time zone of Eastern Standard Time.

WHEREFORE, Plaintiffs, DEBBRIA RYDZINSKI and JENNIFER RYDZINSKI each respectfully request judgment be entered against NORTHSTAR LOCATION SERVICES, LLC, for the following:

40. Statutory damages of $1,000.00 each Plaintiff pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

41. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

42. Punitive damages and equitable relief, including enjoining NORTHSTAR LOCATION SERVICES, LLC from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 1, 2017          By:_____

**Shireen Hormozdi**
Florida Bar No. 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiffs

9